In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-1365

JEREMY LOWREY,

*Plaintiff-Appellant,*

*v.*

ANDREW TILDEN and WEXFORD
HEALTH SOURCES, INC.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 16-cv-1170 — **Jonathan E. Hawley**, *Magistrate Judge*.

_____


No. 19-3145

SCOTT MCCRAY,

*Plaintiff-Appellant,*

*v.*

ROBERT WILKIE, Secretary of Veterans Affairs,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 18-cv-1637 — **David E. Jones**, *Magistrate Judge*.

————————————

SUBMITTED DECEMBER 12 & 9, 2019 — DECIDED FEBRUARY 3,
2020

————————————

Before WOOD, *Chief Judge*, in chambers.

WOOD, *Chief Judge*. This court takes jurisdictional issues seriously—indeed, it is proud to have a reputation as a jurisdictional hawk. As part of our routine procedure, we screen all briefs filed before oral argument or submission on the briefs to ensure that our jurisdiction is secure and to catch any potential problems. Many such problems can easily be corrected, and when they are, the judges of the court can proceed in confidence to decide the case.

Our routine jurisdictional screening sometimes reveals recurrent problems that would benefit from a published opinion. A few years ago, I addressed such an issue, when in *Baez-Sanchez v. Sessions*, 826 F.3d 638 (7th Cir. 2017) (Wood, C.J., in chambers), I reminded attorneys practicing before this court that we rely on accurate jurisdictional statements. In *Baez-Sanchez*, the problem was the failure on the part of many appellees to specify precisely whether, in counsel's view, the appellant's jurisdictional statement was *complete* and *correct*. I emphasized that these are different requirements, and that this is not the place for creative writing. Either the jurisdictional statement is both complete and correct, or appellee must furnish a comprehensive jurisdictional statement of its own.

Another recurring problem justifies the same approach. In the two cases I have consolidated only for purposes of this opinion, a magistrate judge issued the final judgment from which the appeal has been taken. Circuit Rule 28(a)(2)(v) requires an appellant in such a case to include in its jurisdictional statement not only information about the magistrate judge's involvement, but also "the dates on which each party consented in writing to the entry of final judgment by the magistrate judge." See also 28 U.S.C. § 636(c).

The information provided in each of these appeals fell short of the requirements of Circuit Rule 28. In *Lowrey v. Tilden*, No. 19-1365, the appellees informed the court in their jurisdictional statement that the parties had consented to have a magistrate judge hear the case; they did so after observing that the *pro se* appellant's jurisdictional statement was not complete and correct and appropriately moving on to provide their own complete jurisdictional summary. See Circuit Rule 28(b). But counsel failed to provide the dates of consent of each party to the magistrate judge's jurisdiction. In *McCray v. Wilkie*, No. 19-3145, counsel not only failed to provide the dates of consent, but he also neglected to mention that the decision from which the appeal was being taken had been rendered by a magistrate judge.

The significance of the information about the magistrate judge's involvement and the consent of all parties to that judge's resolution of the merits cannot be overstated. See *Coleman v. Labor & Indus. Rev. Comm'n of the State of Wis.*, 860 F.3d 461 (7th Cir. 2017) (a magistrate judge has no authority to issue a final decision that is directly appealable to the court of appeals unless all parties consent).

This rule is not a secret. It is clearly spelled out in Circuit Rule 28(a)(2)(v), and this court's *Practitioner's Handbook for Appeals* (2019 ed.) is readily available on the court's public website, as the second item under the tab "Rules and Procedures." See http://www.ca7.uscourts.gov/rules-procedures//Handbook.pdf. The *Handbook* explicitly refers to the failure to provide dates of consent to proceed before a magistrate judge as one of the recurring problems that the court encounters when performing jurisdictional screening. See *Handbook* at 145.

We once again encourage counsel to consult the *Handbook.* It is a useful guide, regularly updated by the court and its staff, for both experienced and novice practitioners. It can help counsel avoid the common pitfalls in drafting a jurisdictional statement. See *Handbook* at 142–45. We expect attorneys who practice before this court to give close attention to all of the rules, including Circuit Rule 28. I hope that this reminder will serve its intended purpose and that such readily avoided flaws will cease.

In each of these cases, counsel shall have seven days in which to file an amended jurisdictional statement that complies in all respect with the rules.

*So ordered.*